CROCKET & HARPER *vs.* MILTON D. YOUNG, STEPHEN BERRY et al.

An incorporated bank may, by the indorsement of the cashier, transfer a negoti-
able promisory note in payment of its liabilities.
When there is no evidence whatever, to sustain the verdict of a jury, it should be
set aside by the court, and a new trial granted.

APPEAL from the circuit court of the county of Scott.

Joseph B. Crockett and William C. Harper brought an action
of assumpsit against Milton D. Young, Stephen Berry, William
A. Gatewood, Wade H. Hollan, and the Mississippi & Ala-
bama Railroad Company, to the December term, 1839, of the
circuit court of Scott county, on the following promissory note,
viz:

" $2091 55. BRANDON, MI., April 12, 1838.
" Twelve months after the 12th day of April, 1838, we,
M. D. Young, principal, and Stephen Berry, W. A. Gatewood,
W. H. Hollan, securities, jointly and severally promise to pay
to the Mississippi & Alabama Railroad Company, two thou-
sand and ninety-one and fifty-five one hundredth dollars, for
value received, negotiable and payable at their banking house
in Brandon. (Signed,)
" M. D. YOUNG.
" STEPHEN BERRY.
" W. A. GATEWOOD.
" WADE H. HOLLAN."

Which was indorsed as follows:

" Pay to Joseph B. Crockett and William C. Harper, notice
of demand and non-payment waived 28th Sept. 1839.
" Z. P. WARDELL, Cashier."

The defendants, except said company, pleaded non assump-
sit and payment. At the June term, 1841, the cause was tried,
and a verdict rendered for the defendants for $2,239 $\frac{24}{100}$, which

was, on motion, set aside, and a new trial awarded. At the June term, 1842, the cause was again tried. On the trial the plaintiffs read to the jury the note and indorsement sued on. They then proved, by T. P. Ware, Esq., in substance, that said indorsement was made in consideration of the payment to said company, of the amount of said note, in the issues of said company.

They then proved, by William H. Shelton, in substance, that the note was made and executed to him, in part consideration of goods sold defendant, Young; that it was made payable to the company, discounted by it, and that Young gave him a check for the amount; that he, at the time, was president of said company, which was a banking corporation; that the note was transferred to the attorney of plaintiffs, in consideration of the notes of the company; and that the transfer was made by the cashier of the bank, Z. P. Wardell, by virtue of authority of the board of directors of said bank. Plaintiffs then called H. F. Shelton, who stated that he knew of the sale of the goods. This was all the evidence in the cause. The defendants then moved the court to instruct the jury:

1. "That if they believe from the testimony, that the Mississippi & Alabama Railroad Company ever owned the note sued on, the plaintiffs cannot recover, unless the charter of said company authorized the transfer."

2. "That if it does, it is incumbent on the plaintiffs to show that authority, to enable them to recover."

These instructions were given, and the plaintiffs excepted. The plaintiffs moved the court to instruct the jury "that the pleas of defendants being non assumpsit and payment, the production of the note is sufficient to entitle the plaintiffs to recover, in the absence of any proof on the part of defendants"—which instruction was given. The jury returned a verdict for the defendants. The plaintiffs then moved the court for judgment for the amount of the note and interest, notwithstanding the verdict, which motion the court overruled, and the plaintiffs excepted.

The plaintiffs then moved the court for a new trial, on the grounds:

1. " That the verdict was contrary to law and ' evidence.'

2. " The court gave illegal instructions 'to ' the jury.'

3. " That the verdict is contrary to the instructions given.

4. " That said verdict is founded in a misconception of individual rights, or is an outrage upon the public justice of the country."

Which motion the court overruled, and the plaintiffs excepted, and prayed an appeal to this court.

*C. R. Clifton,* for appellants.

The plaintiffs in this case are entitled, to a new trial on account of the instructions given to the jury on behalf of the defendants. They are ambiguous, irrelevant, illegal, and tended to confuse and mislead the jury. On this account, and to settle the controversy, the plaintiffs prayed the court to instruct the jury, " that the pleas of the defendants being non assumpsit and payment, the production of the note, declared on by the plaintiffs, is sufficient to entitle them to recover, in the absence of any evidence on the part of the defendants." This instruction the court gave, as well as those asked by defendants.

The instructions on the part of the defendants were designed to question the power of the corporation to transfer the note, and not the regularity of that transfer; but their effect is the same, whether applied to the one or the other, because the plaintiffs produced the note specially indorsed to them by the cashier, and proved, by the president, that he had the authority of the board of directors to do so—thus establishing its regularity ; and this court, in the case of *Harper* v. *Calhoun* et al., at the last January term, decided in favor of the power.

But if the instructions given upon the prayer of the plaintiffs were proper, (and it is believed they cannot be assailed,) no reason can be assigned or conjectured for the verdict rendered in favor of the defendants. It violates every principle of justice, and ought to have been set aside and a new trial awarded. The refusal of the court below, to do so, on the motion of the plaintiffs, was error.

The right of the plaintiffs to a judgment, notwithstanding the

verdict, is more questionable. The motion was made without reference to authority, at a point where there were few, perhaps no books on the subject; but it would seem, from an examination of the record, that if this court have authority to extend that doctrine, this is a most appropriate case for its exercise.

*Work* and *Calhoun*, for defendants in error.

The first error assigned, questions the opinion of the court below, in granting the instructions asked for by the defendants in error. Before entering upon the discussion of this, we will advert to a preliminary question, which presents itself in the cause, to wit: Did the plaintiffs in error make out a good cause of action, by the evidence submitted to the jury? They read the note executed to the Mississippi & Alabama Railroad Company, with this endorsement thereon: " Notice of demand and non-payment waived 28th Sept. 1839. Z. P. Wardell, cashier." They then proved that the note was given for goods, and indorsed to the plaintiffs, in consideration of the notes of that company.

1. This indorsement did not confer upon the plaintiffs a legal interest in the note. It does not purport to be the act of the bank; and the cashier had no authority, ex-officio, to transfer the note. *Hollowell & Augusta Bank* v. *Hamlim*, et al., 14 Mass. Rep. 180. *Hartford Bank* v. *Barry*, 17 Mass. Rep. 97. By the charter of that company (Session Acts, 1836, p. 163) it is provided, that a majority of the directors, of whom the president shall be one, shall constitute a board for the transaction of business. No power to transfer the securities of the company is given to the cashier, and as the general power to transact business is specially conferred on the board, a just construction of the charter necessarily excludes from all others this power. It is true the witness stated that the cashier was authorized by the board to make the transfer. But this evidence was incompetent. The order of the board, being the best evidence, should have been produced. It was testifying to a mere conclusion, without proving the facts upon which it rested. It may be said that no objection was made to this evidence on the trial. This

omission would have been material, if the plaintiffs in error had obtained a verdict against the defendants, on the application of the latter for a new trial, on the grounds of the incompetency of the evidence ; but when a party seeks to set aside a verdict against him, he ought to show that he made out a good cause of action by legal evidence. The act of 1836 (H. & H. 595) did not, it is believed, dispense with the proof of the power to make the transfer by a regular order of the board. It was impossible for the defendants in error to know whether the board had conferred such a power or not, and it would be absurd to preclude a party from a legal defence, unless he should swear to a fact of which he could know nothing. Such a construction would, in many cases, make perjury the preliminary to a fair issue.

2. The indorsement did not pass the legal title to the note to the plaintiffs in error. An indorsement in blank passes the title, because the indorser has a right to fill it up; but when anything is written above the signature the indorsement becomes special, and nothing can be added to it. When nothing is written above the signature, the right to insert a transfer is implied; but when the indorser makes a stipulation, it cannot be altered without violating every principle governing written contracts.

If these views be correct, the plaintiffs in error failed to make out a case which entitled them to a recovery, and, consequenly, upon long settled principles, had no right to a new trial, and were not prejudiced by any erroneous instructions to the jury, if such had been given, which is denied. The question of fact, as to whether the cashier was authorized to make the transfer, properly belonged to the jury. There was no proof of any particular act or order of the board, giving him such authority; and the jury, after weighing the evidence, found that fact against the plaintiffs in error; and the court below, whose opportunity of judging of the weight of the evidence was better than that of this court, refused to disturb the verdict—and a verdict must be grossly contrary to the evidence, before this court will disturb it, after a motion for a new trial has been overruled by

246 HIGH COURT OF ERRORS AND APPEALS.

the court below.  2 Bibb. 64, 211.  1 Bibb, 241.  3 Litt. 14;
169, 189.

The instructions, to the jury amounted to this, That the
cashier had no right to transfer the note, unless the charter of
the company authorized him to do so; and if so, it was incum-
bent on the plaintiffs to show such authority; and it is believed
that nothing can be clearer than these principles.  It would be
absurd to call upon a jury to find a fact not proved.

It is assigned for error, that the court erred in refusing judg-
ment for the plaintiffs, notwithstanding the verdict.  In a few
cases it has been held, in England, that the court has a right to
assess damages when either the record fixes the amount of lia-
bility, or when, perhaps, a covenant, of which profert is made,
is not controverted by the plea, and thereby, for all purposes,
becomes part of the record; but we are aware of no case in this
country where, after issue joined in assumpsit on a promissory
note, and after a jury has been empannelled to try it, that any
court has ventured, in the face of the constitution of the United
States, to assess damages.   When a party does not plead, he, of
course, does not claim a jury, and by a statute of this State, in
such case, the clerk can assess the damages; but when an issue
is tendered and joined, and a jury sworn to try it, neither the
clerk nor the court has any further power to act on the subject.

PER CURIAM.   The plaintiffs instituted this suit on a promis-
sory note, payable on its face to the Mississippi & Alabama
Railroad Company.   The pleas were non assumpsit and pay-
ment.   The jury having found for the defendants, a new trial
was moved for, and a bill of exceptions, embodying all the
evidence, was taken, which presents these questions, to wit:
Were the plaintiffs entitled to a new trial on account of misdi-
rection of the jury? and are they entitled to such new trial on
the evidence?

The court charged the jury, that if they believed the Missis-
sippi & Alabama Railroad Company ever owned the note, then
the plaintiffs cannot recover, unless the charter authorized the
transfer; and that it was incumbent on the plaintiffs to show

that authority. At the last term of this court, it was held, that an incorporated bank might, by the indorsement of the cashier, transfer a negotiable, promissory note. It was fully proven that the note belonged to the bank, and was transferred by authority of the directors, in payment of its own liabilities. So that the charge of the court was erroneous.

It was in proof that the consideration of the note was the balance of a stock of goods, sold by Shelton to one of the makers; that the note was made payable to the bank by Shelton's request, and discounted for his benefit. The plaintiffs held large claims against the bank, and received this note and others in payment, and that an equal amount in the notes of the bank were delivered up. The defendants did not file any account of offsets, nor did they introduce any proof whatever to support the issue which they had tendered. There was, consequently, no evidence whatever to sustain the verdict; and it must consequently be set aside, and a new trial granted.